IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1)   BRIAN PALMER and | ) | |
| 2)   SAMANTHA PALMER, as Natural | ) | |
|       Parents and Next Friends of | ) | |
|       LANIE PAIGE PALMER, | ) | |
|       Deceased, a Minor Child, | ) | |
| | ) | |
|              **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | Case No.  16-CV-00312-CVE-PJC |
| | ) | |
| 1)   UNITED STATES OF AMERICA | ) | |
|       ex rel. DEPARTMENT OF HEALTH | ) | |
|       AND HUMAN SERVICES, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| 2)   UNITED STATES OF AMERICA | ) | |
|       ex rel. PUBLIC HEALTH SERVICES, | ) | **ATTORNEYS LIEN CLAIMED** |
| | ) | |
| 3)   UNITED STATES OF AMERICA | ) | |
|       ex rel. INDIAN HEALTH SERVICES, | ) | |
| | ) | |
| 4)   UNITED STATES OF AMERICA | ) | |
|       ex rel. CLAREMORE INDIAN | ) | |
|       HOSPITAL, | ) | |
| | ) | |
| 5)   VERNON W. AVERHART, M.D., | ) | |
| | ) | |
| 6)   SANJAY SAMUEL, M.D., | ) | |
| | ) | |
| 7)   MANDY ANDERSON, R.N., | ) | |
| | ) | |
| 8)   M. WALLACE, R.N., AND | ) | |
| | ) | |
| 9)   JASON STANLEY, R.N., | ) | |
| | ) | |
|              **Defendants.** | ) | |

## COMPLAINT

Plaintiffs, Brian and Samantha Palmer, as Natural Parents and Next Friends of Lanie Paige Palmer, deceased, a minor child, by and through their counsel of record, Clark O. Brewster, Jennifer De Angelis and Guy A Fortney, and for their claims against Defendants

United States of America ex rel. The Department of Health and Human Services, United States of America ex rel. Public Health Services, United States of America, ex rel. Indian Health Services, United States of America ex rel. Claremore Indian Hospital, Vernon W. Averhart, M.D., Sanjay Samuel, M.D., Mandy Anderson, R.N., M. Wallace, R.N., and Jason Stanley, R.N., state the following:

## JURISDICTION AND VENUE

1.  This is a medical negligence claim involving substandard care provided to the minor child of Plaintiffs, Brian and Samantha Palmer, during Samantha Palmer's labor and delivery at the Claremore Indian Hospital by its staff, agents, apparent agents and ostensible agents, all of whom provide health care under and/or operate as part of the Indian Health Service and/or Public Health Service agencies of the United States Department of Health and Human Services.

2.  The Plaintiffs' claims are brought against the United States pursuant to 28 U.S.C. §2671, *et seq.,* the Federal Torts Claims Act or "FTCA," seeking money damages for the wrongful death of minor child, Lanie Paige Palmer, who was stillborn on June 23, 2014 which was caused by the negligence and acts and omissions of the United States, Claremore Indian Hospital, its agents, employees, apparent agents and ostensible agents acting within the scope of their employment when they provided substandard care and exclusive jurisdiction over this claim is conferred upon this Court by 28 U.S.C. §1346(B)(1).

3.  Venue is proper in this District under 28 U.S.C. §1402(B) in that Plaintiffs reside within Tulsa County and the acts giving rise to this claim occurred within this District in Claremore, Oklahoma.

4. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over the Plaintiffs' state law negligence claims against Vernon W. Averhart, M.D., Sanjay Samuel, M.D., Mandy Anderson, R.N., M. Wallace, R.N., and Jason Stanley, R.N. (which are pled alternatively to the extent the United States is ultimately not liable for such individuals as its agents, ostensible agents, apparent agents or employees); because all of Plaintiffs' claims, facts and series of events form a part of the same claim or controversy and involve joint tortfeasors and are properly pursued together in one judicial proceeding in the State Court if not for this Court's exclusive jurisdiction over the Plaintiffs' FTCA claim against the United States.

5. In compliance with the FTCA, 28 U.S.C. §2675, Plaintiffs timely presented written Notice of their claim to the United States on July 2, 2015 seeking money damages in the amount of $1,200,000 for the wrongful death of their child, Lanie Paige Palmer. (A copy of Plaintiffs' FTCA Notice without the exhibits is attached to this Complaint and marked as Exhibit "A.")

6. The United States, more particularly, the Department of Health and Human Services, received Plaintiffs' FTCA Notice on July 6, 2015 and acknowledged that receipt by written confirmation. (A copy of the written confirmation from the Department of Health and Human Services is attached as Exhibit "B.")

7. The United States has had more than six (6) months to respond or otherwise take action on Plaintiffs' claims. As of the filing of this Notice, no response or action has been taken or communicated to Plaintiffs. The failure of the United States to dispose of Plaintiffs' claims within six (6) months shall, at the Claimants' option, be deemed a final denial of Plaintiffs' claims. 28 U.S.C. § 2675.

8. Plaintiffs have fully exhausted their administrative remedies and timely initiated this Complaint pursuant to FTCA, 28 U.S.C. § 2675.

## THE PARTIES

9. Plaintiffs are residents of Tulsa County, Oklahoma.

10. Defendant Department of Health and Human Services has numerous agencies, including the Indian Health Service and/or Public Health Service, which provides health care to Native Americans such as Plaintiffs.

11. Defendant Claremore Indian Hospital is a facility located in Claremore, Oklahoma, which provides health care and operates as part of the Indian Health Services.

12. Defendants, Vernon W. Averhart, M.D., Sanjay Samuel, M.D., Mandy Anderson, R.N., M. Wallace, R.N., and Jason Stanley, R.N., provided medical care and treatment to the Plaintiff Samantha Palmer during her labor and delivery at the Claremore Indian Hospital. Both physicians and nurses were operating within the scope of their federal employment at the time of the incident as set forth below in the "Operative Facts."

## OPERATIVE FACTS

13. Plaintiffs hereby incorporate paragraphs 1 through 12 as though fully set forth herein.

14. Samantha Palmer was scheduled for induction on June 25, 2014 under the care and treatment of Vernon W. Averhart, M.D.

15. On June 23, 2014, Samantha presented to the labor and delivery unit at Claremore Indian Hospital just after 11:00 a.m. with complaints of contractions that started at 8:00 a.m. and were occurring every 5 minutes. Samantha was days past 40 weeks of pregnancy in active labor.

Upon admission, the physicians and nurses of the Claremore Indian Clinic undertook the labor and delivery of Samantha Palmer, including Dr. Sanjay Samuels, M.D., a Defendant herein.

16. Upon admission, the frequency of the contractions increased to occur every 2-5 minutes, lasting 30 seconds. The fetal heart rate was charted as 130 with no decelerations. Her vaginal examination was 5 centimeters, 80% effaced, and -1 station (5/80/-1). Samantha reported to the nurse that her membranes were intact and that she had had no bleeding.

17. Samantha was placed on an external fetal monitor at 11:07 a.m. At that time her contractions appear to be about 2-3 minutes apart, lasting 30 seconds. The fetal heart rate at the beginning of the tracings until 11:58 a.m. is reassuring with a fetal heart rate of 145 with moderate variability, accelerations, and no decelerations, indicating that the baby is doing well.

18. At 2:54 p.m., Samantha's uterus became hyperstimulated with 6 contractions in a 10-minute period as a result of the administration of Pitocin. The pattern of hyperstimulation is present until 4:45 p.m., during which time the Pitocin dose was increased. There are variable and early decelerations during this time. At 3:00 p.m., there is evidence of a Category II fetal heart tracing. Samantha continued to be monitored until her membranes were ruptured (AROM) by Dr. Samuel at 3:38 p.m.

19. At 4:05 p.m., the fetal heart pattern became a Category III tracing. Despite contraindications, Pitocin dosage is increased further depleting the oxygen supply to the baby.

20. An SVE was performed again at 4:23 p.m. by Dr. Samuel and the baby remained 0 station evidence of a failure to descend. Oxytocin was increased to 2 mU/min at 5:00 p.m. with continued variable decelerations. The baseline fetal heart rate increased to 150 with decreased variability. Dr. Samuel performed another SVE at 5:20 p.m. The fetal heart rate baseline

became tachycardic at 165 with variable decelerations and decreased variability and accelerations.

21. Despite continued contraindications, at 5:39 p.m. Dr. Samuel increased Oxytocin to 4 mU/min and failed to recognize the persistent critical Category III tracing. The fetal heart monitor strips indicate increasing tachycardia and a fetal heart rate of 170 with decreased variability and variable decelerations. The Oxytocin was again increased at 5:54 p.m. to 6 mU/min with continued fetal heart rate of 165, decreased variability and variable decelerations. At 6:10 p.m., the Oxytocin was charted at 6 mU/min.

22. The Oxytocin was discontinued at 6:27 p.m. and an SVE was performed by Dr. Samuel. The variable decelerations continued with a baseline of 165 and decreased variability. The tracing continued with a baseline of 170, decreased variability, and variable decelerations.

23. At 7:27 p.m., Samantha was given Brethine to decrease her contractions which were previously strengthened through the excessive administration of Pitocin. At 7:29 p.m., the tracing shows a baseline of 65 with absent variability just before Samantha was taken to the operating room.

24. Defendant Vernon W. Averhart, M.D. performed the C-section at 8:00 p.m. on June 23, 2014. Samantha Palmer predictably gave birth to a stillborn baby at 8:00 p.m. The baby had Apgar scores of 0 at 5, 10, 15, and 20 minutes. Efforts to resuscitate the baby were unsuccessful.

25. The pathology report of the analysis of the placenta was normal, except for meconium staining of the membranes. This was the result of the delay in delivery of a baby with a Category II/III tracing for a period of time exceeding three (3) hours. The baby's autopsy

report was normal, except for vascular congestion of the left cerebral cortex and left kidney caused by the delivery efforts. There were no anatomic anomalies found in any of the pathology.

26. The labor and delivery record of Lanie Palmer contains clear evidence that the medical providers, physicians and nurses alike, failed to recognize the Category II and III findings on the fetal heart tracings. The healthcare providers failed to administer treatment to resolve these findings and further depleted the baby's oxygen supply by increasing the doses of Pitocin. A stat C-section should have been called just after 6:00 p.m. but did not occur until 8:00 p.m. A prolonged second stage of labor and a Category III tracing caused this baby's tragic death. This delay is a breach of the required standard of care and is the direct cause of this baby's death.

27. Lanie Palmer's birth was unreasonably and unnecessarily delayed and she died from meconium aspiration directly related to a prolonged second stage of labor. Lanie slowly suffocated and died and her death was preventable had competent providers acted within accepted standards of care.

28. As required by Okla. Stat. tit.12, §19.1, Plaintiffs have consulted with a qualified expert who has rendered an opinion that Plaintiffs' claims are meritorious and that Defendants have committed professional negligence, and committed breaches in the standard of care in their treatment of Samantha Palmer. See Affidavit of Guy A. Fortney attached as Exhibit "C."

**FIRST CLAIM FOR RELIEF**
**Federal Tort Claims Act**
**28 U.S.C. § 2671** *et seq.*

29. Plaintiffs hereby incorporate paragraphs 1 through 28 as though fully set forth herein.

30. The wrongful death of Lanie Paige Palmer occurred as a direct and proximate result of the negligence of Defendants' treatment which, when viewed in its totality and compared with reasonably accepted standards must be characterized as unacceptably deficient. The acts and omissions complained of herein include, but are not limited to, a failure by the physicians and nurses at the Claremore Indian Hospital to properly monitor the progression of Samantha Palmer during her labor and delivery; a failure to recognize the early signs of fetal distress as evidenced by the on-going fetal heart monitor as set forth above in the Operative Facts; embarking upon a course of treatment which they knew or should have known would endanger the life of Lanie Paige Palmer; failed to timely consult with other medical care providers and physicians who could have ordered the appropriate tests, and rendered timely care to Samantha Palmer and her unborn child Lanie Paige Palmer; and a failure to timely call for and perform an emergency C-section at a time when the life of Lanie Palmer may have been saved.

31. The United States of America, pursuant to 28 U.S.C. § 2671, *et seq.,* is liable for that negligent acts and omissions of its employees when operating within the scope of their federal employment at the time of the facts and circumstances which form the basis of this complaint. The acts and omissions, which include but are not limited to the named individual defendants herein, Vernon W. Averhart, M.D., Sanjay Samuel, M.D., Mandy Anderson, R.N., M. Wallace, R.N., and Jason Stanley, R.N., who participated and provided care and treatment of Samantha Palmer during the labor and delivery of Lanie Palmer.

32. As a direct and proximate result of all of Defendants' negligence, Lanie Palmer suffered massive bodily injury, mental and physical pain, and suffering and death. Plaintiffs are entitled to recover damages in the form of medical expenses, funeral and burial expenses, pecuniary loss, grief, anxiety, loss of love and companionship suffered by Plaintiffs; mental and

physical pain and anguish of decedent, all in excess of Seventy-five Thousand Dollars ($75,000.00).

## SECOND CLAIM FOR RELIEF
### State Law Negligence

33. Plaintiffs hereby incorporate paragraphs 1 through 32 as though fully set forth herein.

34. The wrongful death of Lanie Paige Palmer occurred as a direct and proximate result of the negligence of Defendants' treatment described above which, when viewed in its totality and compared with reasonably accepted standards must be characterized as unacceptably deficient and a breach of the required standard of care.

35. As a direct and proximate result of all of Defendants' negligence, Lanie Palmer suffered massive bodily injury, mental and physical pain, and suffering and death. Plaintiffs are entitled to recover damages in the form of medical expenses, funeral and burial expenses, pecuniary loss, grief, anxiety, loss of love and companionship suffered by Plaintiffs; mental and physical pain and anguish of decedent, all in excess of Seventy-five Thousand Dollars ($75,000.00). Plaintiffs further seek an award of punitive or exemplary damages against Defendants in excess of Seventy-five Thousand Dollars ($75,000.00).

## DEMAND FOR RELIEF

36. For their First Claim for Relief, Plaintiffs seek judgment against the United States of America pursuant to 28 U.S.C. §2671, *et seq.,* the Federal Torts Claims Act, for the wrongful death of minor child, Lanie Paige Palmer, and all available damages under Oklahoma's Wrongful Death Statute, 12 O.S. § 1053.

37. For their Second Claim for Relief, Plaintiffs seek judgment against Defendants Vernon W. Averhart, M.D., Sanjay Samuel, M.D., Mandy Anderson, R.N., M. Wallace, R.N.,

and Jason Stanley, R.N., for an award of compensatory damages in an amount in excess of Seventy-five Thousand Dollars ($75,000.00); and exemplary or punitive damages against Defendants Vernon W. Averhart, M.D., Sanjay Samuel, M.D., Mandy Anderson, R.N., M. Wallace, R.N., and Jason Stanley, R.N., in excess of Seventy-five Thousand Dollars ($75,000.00).

38. For the costs of this action, interest as provided by law, and for all other and further relief that this Court deems just and proper.

Respectfully submitted,

*/s/ Guy A. Fortney*
Clark O. Brewster, OBA #1114
Jennifer L. De Angelis, OBA #12416
Guy A. Fortney, OBA #17027
BREWSTER & DE ANGELIS, PLLC
2617 E. 21st Street
Tulsa, OK   74114
Tel: (918) 742-2021
Fax: (918) 742-2197

ATTORNEYS FOR PLAINTIFFS